UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| George Lee Odemns III, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Government of the United States *et al.*, )<br>)<br>Defendants. )<br>_____ ) | Case: 1:16-cv-01994 (F-Deck)<br>Assigned To : Unassigned<br>Assign. Date : 10/6/2016<br>Description: Pro Se Gen. Civil   Jury Demand |

MEMORANDUM OPINION

This matter is before the Court on plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3). In addition, a complaint may be so "patently insubstantial" as to deprive the Court of subject matter jurisdiction. *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009); *see Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) ("A district court lacks subject matter jurisdiction when the complaint 'is patently insubstantial, presenting no federal question suitable for decision.' ") (quoting *Tooley*, 586 F.3d at 1009)).

1

Plaintiff, a District of Columbia resident, sues the United States, the U.S. House of Representatives, the Executive Office of the President, and several offices within the White House. Plaintiff introduces the prolix complaint as "an action for Breach of Contract, Quantum Meruit, a Quasi Criminal Proceeding and related claims" arising under the Constitution and certain federal laws. Compl. at 2. The allegations "are baseless and wholly incredible." *Odemns v. White House*, No. 15-cv-00862, 2015 WL 3619214, at *1 (D.D.C. June 9, 2015). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

DATE: October 4, 2016

United States District Judge